UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

    v.                                                                                                          CR NO. 06-396 (JMF)

**BRANDON LAUREYS,**

    **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On September 13, 2006, at approximately 4:51 p.m., Detective Timothy Palchak of the Metropolitan Police Department, entered a Yahoo internet chat room via a computer. The detective used the name "daddysgrldc" and identified himself as a 12-year old female.

2. The defendant initiated contact with the detective, using the name "ilikesexxx." The two engaged in a conversation over the internet that lasted from 4:06 p.m. to 4:51 p.m.

3. During the conversation, the defendant indicated that he was 20-year old male who lived in College Park, Maryland, just outside of the District of Columbia.

        The detective indicated that he lived at 1317 Adams Street, N.E., Apartment 3, in Washington, D.C. and that he would be turning 13 soon.

4.     The defendant asked the detective if he had any pictures and the two did exchange photographs. The defendant sent actual photographs of himself, while the detective sent a photograph of a female law enforcement officer when she was approximately 11 or 12 years old.

5.     At one point during the conversation, the defendant asked the detective for a phone number but the detective indicated that he used his mother's cell phone and that he couldn't give the defendant the number at the moment because his mother had the phone with her.

6.     The two engaged in conversation of an extremely sexual nature. Specifically, the detective indicated to the defendant that he had never had sexual intercourse before and was scared that it would hurt. The defendant replied that it all depended on who the detective had sex with.

7.     The detective told the defendant that his mother would be home between 11:30 and 12:00 that evening. Ultimately, the two agreed that the defendant would come to the detective's apartment in the District of Columbia that night. The defendant agreed to bring condoms.

8.     Following the internet conversation with the defendant, the detective set up surveillance at the Adams Street address. Approximately 1 ½ hours later, the defendant drove up and parked in front of the location given by the detective. The defendant was arrested at that time. The defendant's car was searched and

          condoms were found in the console. Directions to the Adams Street address from defendant's address were also found in the car.

9.     The detective saved the transcript of the conversation in a folder and the conversation was archived in Yahoo instant messenger as a "read only" file.

10.   The defendant has a Yahoo profile in which he posted a picture of himself fully erect.

## REASONS FOR DETENTION

### Eligibility

The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. section 3142(f)(1)(A), which authorizes the pre-trial detention of a defendant who, like this defendant, is charged with a crime of violence. Since the defendant is charged with violation of Chapter 109A of Title 18 of the United States Code, specifically 18 U.S.C. section 2243, and 18 U.S.C. section 3156 defines as a crime of violence any felony under chapter 109A, defendant is eligible for pre-trial detention.

### Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1.     The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2.     The weight of the evidence;

3.     The history and characteristics of the person, including

  a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

  a. Past conduct, history relating to drug or alcohol abuse;

  b. Criminal history;

  c. Record concerning appearance at court proceedings;

  d. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** The offense charged, traveling from Maryland to the District of Columbia for the purpose of engaging in sexual conduct, is a heinous crime of violence perpetrated by an adult against a minor.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is a lifelong resident of D.C. metropolitan area. He is single and has no children. The defendant has extensive family in the area, including aunts, uncles, cousins, and his parents. Defendant lives with his brother.

**The weight of the evidence.** The weight of the evidence is beyond overwhelming. The defendant's conversation with the detective was captured verbatim both by the detective's

computer and by Yahoo. In addition, following the internet conversation, the defendant drove to the location identified by the defendant and brought with him condoms.

**History relating to drug or alcohol abuse.** No information was available as to this factor.

**Record concerning appearance at court proceedings and prior criminal record.** The defendant has no prior criminal record.

**Whether on probation or parole at the time of the present offense.** N/A.

The nature of this offense bears significantly on my decision to detain the defendant. The dangerousness this defendant poses to the community, if he is released, is one I cannot ignore. Furthermore, the means by which the defendant communicated with the detective, via the internet, cannot be controlled or limited in any way by this Court, short of keeping this defendant in custody pending his trial. As noted by the prosecutor, internet access is available for a small fee at numerous public settings including internet cafes, libraries, hotels, and even airports. This obvious danger is not one which I can reduced to a tolerable level, let alone eliminate, by any condition I could set. I, therefore, conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that would assure that he would not commit new crimes if released. I therefore conclude that he should be detained pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: