U.S. Department of Justice



Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**

**OCT 1 9 2006**

October 5, 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA FACSIMILE**

Howard R. Cheris, Esquire
800 South Frederick Avenue #203
Gaithersburg, Maryland 20877

    Re:   *United States v. Brandon M. Laureys*, Crim. No. 06-296 (JDB)

Dear Mr. Cheris:

    This letter sets forth the full and complete plea offer to your client, Brandon M. Laureys, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. It is understood that the parties will select the earliest practicable date and time to enter the plea. The terms of the offer are as follows:

### Charges and Statutory Penalties

    1.    Your client agrees to plead guilty to Count Two of a Criminal Information, a copy of which is attached, which charges Enticement of a Child or Minor, in a violation of 22 D.C. Code § 3010(b)(1) (as amended).

    2.    Your client understands that pursuant to 22 D.C. Code § 3010(b)(1) (as amended), a violation of that statute carries a maximum statutory penalty of up to five (5) years in prison; a fine of up to $50,000; a $100 special assessment; and up to ten (10) years of supervised release (*see* 22 D.C. Code § 4002(a) and 24 D.C. Code § 403.01(b)(4)(A)). Your client also acknowledges that he will be required to register as a sex offender under applicable law.

    3.    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss the Count One of the Criminal Information. Your client agrees that with respect to any and all dismissed charges,

your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4. Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court upon consideration of the District of Columbia Superior Court Voluntary Sentencing Guidelines. The Government acknowledges that your client has accepted responsibility for his criminal conduct.

### Guideline Departures

6. The parties agree that under the District of Columbia Superior Court Voluntary Sentencing Guidelines, neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

7. The parties further agree that a sentence within the applicable Guidelines range established by the District of Columbia Superior Court Voluntary Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Plea Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline range or suggest that the Court consider a sentence outside that Guidelines range. Nothing in this Plea Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range your client should be sentenced. Furthermore, nothing in this Plea Agreement limits the right of the parties to make any arguments regarding whether your client should be sentenced under the Youth Act.

### Court Not Bound by the Plea Agreement

8. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines

range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

9.  It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the District of Columbia Superior Court Voluntary Sentencing Guidelines are not binding on the Court. Your client acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Forfeiture

10.  Your client agrees to waive his interest in and not to contest the administrative forfeiture of the following property: one black and gray homemade personal computer recovered from the basement of _____ Road, College Park, Maryland, on September 14, 2006. Your client acknowledges and agrees that the Government reserves its right to bring civil actions, if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

11.  Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

12.  Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Plea Agreement is subject to forfeiture as "property facilitating illegal conduct."

### Release/Detention

13.  Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

## Breach of Agreement

14. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

15. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

16. Your client understands and agrees that the Government shall be required to prove a breach of this Plea Agreement only by a preponderance of the evidence. Your client further understands and agrees that the Government need prove a violation of federal, state, or local criminal law only by probable cause in order to establish a breach of this Plea Agreement.

17. Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, or to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. In the event of such a breach, however, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

18. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Plea

Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Waiver of Right to DNA Testing

19. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

20. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

21. Your client further understands that this Plea Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

22. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
United States Attorney

By: JESSIE K. LIU
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Howard R. Cheris, Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 10/19/06

BRANDON M. LAUREYS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 10/19/06

HOWARD R. CHERIS, ESQUIRE
Counsel for Defendant