## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| **-v-** | ) |
| | ) **Case No.: 06-296 (JDB)** |
| **Brandon Laureys** | ) |
| | ) |
| **Defendant** | ) |

## DEFENDANT'S MEMORANDUM AND OBJECTIONS
## TO PRE-SENTENCE INVESTIGATION

Defendant hereby makes the following submission and objections to the

Pre-Sentence Investigation ("PSI") in this matter.

### I. The offense of conviction is an attempted enticement.

Mr. Laureys offense is an attempted enticement.   Though the Defendant

has plead guilty to a single count of Enticement under 22 D.C. Code § 3010 (as

amended), this statute was temporarily amended to include attempt offenses such

as acts that include Mr. Laureys conduct.  This statutory amendment has expired.

Under the Omnibus Public Safety Emergency Amendment Act of 2006 (D.C. Act

16-445, July 19, 2006, 53 DCR 6443) the temporary expansion including "attempt

offenses" against a virtual child was valid for only 90 days and expired on

October 19, 2006.

The District of Columbia Superior Court Voluntary Sentencing Guidelines

have consistently drawn a distinction between an actual completed enticement

offense and an attempt.   While still an offense as defined under the temporary

1

statute, the Court should be aware of this history and the failure to promulgate amended guidelines for Mr. Laureys offense.  As a matter of Guideline construction and interpretation, an attempted offense is treated less severely.

## II. The facts only permit a lower category offense and Guideline.

Under the Superior Court Guidelines, an attempted enticement carries a guideline calculation of 1-12 months.  The PSI, however, treats the offense as an actual, completed enticement, with a guideline range of 6-24 months. As mentioned, the temporary legislation has expired without further codification and was never accompanied by amended guidelines.

There was no actual enticement in this case.   Mr. Laureys crime is an attempted enticement.  This is clear when reviewing the charging Information and the necessary statutory requirements for conviction.  While still a crime, the offense itself is rendered an attempt by the impossibility of its actual completion. Though not a defense, an offense is rendered an attempt by the impossibility of its completion.  United States v. Washington, 106 F.3d 983 (D.C. Cir 1997) (where facts unknown to Defendant render act impossible, offense is an attempt offense); United States v. Duran, 884 F. Supp. 566 (D. D.C. 1995) (disallowing impossibility as a defense); see also German v. United States, 525 A.2d 596 at 606 n. 20 ((D.C. 1987) (discussing differences between legal and factual impossibility).

The factual impossibility in this case is not a defense but does alter the Guideline.  Mr. Laureys offense, while styled "Enticement of a Minor" is actually

2

an attempted enticement. There was no minor in this case; there was no enticement.

The offense facts only permit a finding of attempted enticement. While the statutory amendments and the charging Information itself bring this conduct within the gravitational pull of the amended Enticement statute, it is clear that the Guidelines draw a distinction as to attempts. No guideline amendments accompanied this temporary statutory expansion. The statute has expired without full codification. This reversion should also favor a less severe sanction for Mr. Laureys consistent with the Guidelines.

As such, Defendant notes his objection to the PSI determination of a Guideline range as if the offense were an actual completed enticement with a 6-24 month range. As discussed, there was no enticement in this case.

Under either Guideline calculation by the Court, a probationary term would be proscribed and permitted. After serving nearly 3 months in jail and with a complete lack of criminal history, this young offender should receive probation.


### III. Mr. Laureys must still register as a sex offender.

Despite the issue concerning Guidelines and factual impossibility, Mr. Laureys must still register as a sex offender. See In re Doe, 855 A.2d 1100 (D.C. 2004) (requiring violator of interstate travel under § 2423(b) to register as sex offender under District Sex Offender Registration Act even though "minor" was an FBI agent). As with Doe, the factual impossibility would not be a defense to the substantive offense nor would it frustrate registry requirements. Coupled

3

with his time spent incarcerated, the registry provides sufficient punishment, public notice and stigma to assure the public safety while monitoring Mr. Laureys within the community. The registration requirements would continue even if the Defendant were granted disposition under the District Youth Act and given probation. D.C. Code § 24-906 (f)(6).

### IV. The Defendant should be released to accomplish the goals of sentencing.

Mr. Laureys will soon return to the community. Keeping him further incarcerated will delay the treatment he would likely benefit from and that the community will need. If he is a predatory risk, he should receive treatment as soon as possible. If he is not a risk, the registry requirements, mental-health counseling and probationary monitoring will benefit both Mr. Laureys and the United States. To delay these important supplements would frustrate every sentencing factor. He has already been punished.

Comparing Mr. Laureys sentence to parallel federal charges and guidelines is nonsensical. He is a different type of offender because of his age and the fact that he is barely beyond the age of majority. Mr. Laureys is only 20 years old and minors are defined as persons under 18. Though no longer a minor, his impulsive acts and decisions, when viewed in light of his personal history, speak to a less serious offender. He is undeserving of comparison to federal offenses and guidelines.

He has plead to a local offense under the District of Columbia Code. The amended statute to which he plead guilty has expired without further codification.

Mr. Laureys has received an appropriate deterrent and an adequate message has been sent to the public: that all offenders, even a 20-year old first offender with no prior offenses, will go to jail.

## V. The continuing interest in protecting the public favors release.

Keeping Mr. Laureys incarcerated will stifle and deprive his mental health needs that the community wants him to receive. True, he could be further incarcerated and punished more severely but his young age, undeveloped self and complete lack of criminal history mandate his release. Though he might receive some measure of counseling at a detention facility, he needs to be trained to control himself within the community where he will live. Unlike a more mature, defined sexual predator, Mr. Laureys offense is that of an ill-adjusted 20 year old who is neither committed sexually or emotionally developed. Any changes he needs to make can and should be accomplished in the community where he will eventually return and live.

Mr. Laureys young age bodes well for him in all respects as to sentencing. He is only 20 years old and clearly undeveloped personally and socially. Fortunately, because of his age and living situation, he is without the life responsibilities where breaking habits and making changes are too difficult. As discussed in both the PSI and Psychological Risk Assessment (Assessment), he has overcome a difficult family history to achieve his position.

There is a history of mental dysfunction in his family. Mr. Laureys, however, was able to independently leave this unhealthful home environment and

still graduate High School. Though graduating would have been noteworthy in itself, he achieved some scholastic distinction with a high SAT score while remaining active with his school's wrestling team. He has demonstrated he can overcome adverse circumstances to thrive and achieve.

He has been able to maintain himself without turning to drugs, alcohol or other artificial stimulants. He has apparently been able to gain a life of some financial independence and stability while still staying in touch with his troubled family. He lives with his brother and a friend in College Park, Maryland and has been working in real estate and home renovation. His return home is welcome and eagerly anticipated.

## VI.  This young Defendant should receive the District Youth Act.

Consistent with the agreement in this matter, Mr. Laureys is requesting that the Court consider him for disposition under the Youth Rehabilitation Act. D.C. Code § 24-901 et seq.. Mr. Laureys is 20 years old having never been arrested or convicted of an offense. He is a youthful offender and his crime is without abject violence. His indiscretions in this matter, while serious, are those fitting an ill-adjusted 20-year old rather than a sexual predator far beyond his years.   The treatment he needs in order to assure that he will not reoffend and lead a productive life are within reach and plausible.

Should the Court deem it appropriate, the balance of Mr. Laureys sentence can be suspended and the Court can place him on probation. D.C. Code § 24-903(a)(1). Having spent the last 3 months in jail, it is clear that he needs no

further commitment except to treatment.  Other restrictions such as probation, house arrest and monitoring, mental health counseling and registration achieve all the goals of sentencing since the Defendant has already been incarcerated.

The registry requirements will be maintained even were Mr. Laureys granted Youth Act probation and the stigma of this conviction wiped clean.  D.C. Code § 24-906(f)(6).  The registry is sufficient punishment and community notice to call attention to his crime and insure that he will not reoffend and be monitored in the community.

## VII.  The risk assessment findings demonstrate fitness for probation.

As part of preparing for his sentencing, Mr. Laureys underwent a series of tests and evaluations by Dr. Ron Weiner, Ph.D., Executive Director of the Clinical & Forensic Associates.  Dr. Weiner is an established treatment provider within the District judicial system relied upon by the federal and local probation department for his expertise.

It is noteworthy that Dr. Weiner indicated that Mr. Laureys is an "excellent" candidate for a Youth Act sentence.  Though his assessment and testing gives a general range of low to high risk of recidivism, the report states that "young offenders score higher on the [test] because of their age and not living in an enduring relationship with a partner."  Assessment, pp. 17-18.  Among other significant findings were Dr. Weiner's remarks that

> In spite of the medium-high risk score Mr. Laureys
> received on the STATIC-99, it was my clinical
> impression that he is a *very good candidate for*
> *supervision and treatment in the community* without

7

> undue risk to public safety given that he is rated to be
> *low to low-medium risk* for sexual re-offense on two of
> the risk assessment instruments used to evaluate
> offenders charged with or convicted of sexual offense.
> Assessment, p. 18. (Emphasis added).

Dr. Weiner goes on to opine that

> Given the totality of risk factors and level of openness
> demonstrated during assessment, Mr. Laureys can be
> safely contained in the community combining probation
> supervision and sex offender specific treatment...
> [s]ex offenders allowed to remain in the community have
> increased motivation to conform their behavior to lawful
> requirements, and put effort into completing their sex
> offender treatment, when they have a substantial
> suspended sentence hanging over their head. Assessment,
> p. 19

Lastly, this certified treatment provider states that

> Mr. Laureys is an excellent candidate for sentencing
> under the provisions of the Youth Rehabilitation Act
> should the Court consider this to be an appropriate
> disposition. Assessment, p. 20

The report goes on to recommend a plan of treatment through probation, shared

information and disclosure and the requirements necessary to achieve success.

No party to this litigation is advanced by further delay of this treatment plan.

    As mentioned, Dr. Weiner is a certified treatment provider of sexual

offenders and an approved vendor through the United States District Court and

Superior Court. He is not a hired gun, and is relied upon by Courts and

prosecutors in the District and neighboring jurisdictions. His report is fair,

balanced and takes into account hours of interviews and testing with Mr. Laureys,

as well as his years of treatment experience. His established expertise in this area

should be accorded great deference by the Court and government.

## CONCLUSION

Given Mr. Laureys age, proposed treatment plan, amenability to treatment and lack of criminal history, he is a strong candidate for a probationary disposition under the District of Columbia's Youth Act. By this measure, the safety of the community could be assured and Mr. Laureys motivated since his life would not be ruined by his indiscretion.

Were he to remain a convicted felon, the life restrictions and limitations imposed would be unnecessary and untoward. Causing the felony conviction to remain on his record would limit career advancement, cause social stigmatization and, while not necessarily following, lead to a grater chance of introversion, social isolation and possible reoffending. His plea to this offense was prompt and his acceptance of responsibility complete.

Either guideline interpretation would permit and allow that Mr. Laureys be placed on probation. The issues before the Court are what his guideline range is, and the appropriate sanction to assure the safety of the community as well as Mr. Laureys return to that community.

It is clear that given his lack of history, the professional opinion as to Mr. Laureys, as well as the applicable guideline range that Mr. Laureys is a fit candidate for probation. It is also clear that Mr. Laureys is a fine candidate for the District's Youth Act probation.

The defense requests the balance of his sentence be suspended and he be placed on probation under the District Youth Act.

9

Respectfully submitted,

Howard R. Cheris, Esq.
800 S. Frederick Ave., #203
Gaithersburg, MD 20877
(301) 315-0800
Bar #433625

Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing Defendant's Sentencing Memorandum was either delivered electronically, faxed, hand-delivered or mailed first class, postage prepaid this 14 day of December, 2006 to the Office of the United State's Attorney, 555 4th St., Washington, DC 20001.

Howard R. Cheris